# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL HUPP,<br><br>                        Petitioner,<br><br>     v.<br><br>SAN DIEGO SUPERIOR COURT, JOHN SARGENT MEYER, et al.,<br><br>                        Respondents. | Civil No.   12-0274 WQH (JMA)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** |

Petitioner, a state prisoner proceeding pro se, has submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  Petitioner has paid the $5.00 filing fee.

## IN CUSTODY REQUIREMENT

Upon review of the documents filed in this case, it appears that Petitioner is not in the custody of the State of California, nor was he when he filed the Petition because it lists Petitioner's current address as "965 Hidden Oaks, Beaumont, CA 92223."  (ECF 1 at 1.) Furthermore, Petitioner states he was sentenced to 25 days in custody on November 15, 2011, which means he was released from custody no later than December 10, 2011.  (*Id.*)

"Subject matter jurisdiction under the federal habeas corpus statute, 28 U.S.C. § 2254(a), is limited to those persons 'in custody pursuant to the judgment of a State.'"  *Brock v. Weston*, 31 F.3d 887, 889 (9th Cir. 1994); *see also* 28 U.S.C. § 2241(c)(3).  It is a jurisdictional requirement that, at the time a habeas petition is filed, "the habeas petitioner be 'in custody'

1  under the conviction or sentence under attack." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989)
2  (citing 28 U.S.C. §§ 2241(c)(3) & 2254(a)); *see Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)).

3        Here, Petitioner may not challenge the constitutional validity of his November 2011,
4  conviction via a § 2254 petition because he was no longer in actual custody pursuant to that
5  conviction and does not allege he was in constructive custody (e.g., parole or probation) at the
6  time he filed the Petition in this case on February 2, 2012. *See Brock*, 31 F.3d at 889. "[O]nce
7  the sentence imposed for a conviction has completely expired, the collateral consequences of that
8  conviction are not themselves sufficient to render an individual 'in custody' for the purposes of
9  a habeas attack upon it." *Maleng*, 290 U.S. at 490; *see Feldman v. Perrill*, 902 F.2d 1445, 1448
10 (9th Cir. 1990) (stating that an expired conviction cannot satisfy the "in custody" requirement).

11       Rule 4 of the Rules Governing § 2254 Cases provides for summary dismissal of a habeas
12 petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that
13 the petitioner is not entitled to relief in the district court. . . ." Rule 4, 28 U.S.C. foll. § 2254.
14 Here, it is plain from the Petition that Petitioner is not presently entitled to federal habeas relief
15 because he was not in the custody of the State of California when he filed his § 2254 Petition in
16 this Court.

17 **FAILURE TO NAME PROPER RESPONDENT**

18       If Petitioner can satisfy the "in custody" requirement, Petitioner has failed to name a
19 proper respondent. On federal habeas, a state prisoner must name the state officer having
20 custody of him as the respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996)
21 (citing Rule 2(a), 28 U.S.C. foll. § 2254). Federal courts lack personal jurisdiction when a
22 habeas petition fails to name a proper respondent. *See id.*

23       The warden is the typical respondent. However, "the rules following section 2254 do not
24 specify the warden." *Id.* "[T]he 'state officer having custody' may be 'either the warden of the
25 institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal
26 institutions.'" *Id.* (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a
27 petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall
28 be the state officer who has official custody of the petitioner (for example, the warden of the
prison).'" *Id.* (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note). If a

"petitioner is on probation or parole, he may name his probation or parole officer 'and the official in charge of the parole or probation agency, or the state correctional agency, as appropriate.'" *Id.* (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note). In some cases, a petitioner may name the state attorney general. *Id.*

A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The actual person who is [the] custodian [of the petitioner] must be the respondent." *Ashley v. Washington*, 394 F.2d 125, 126 (9th Cir. 1968). This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court. "Both the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner." *Ortiz-Sandoval*, 81 F.3d at 895.

Here, Petitioner has incorrectly named "San Diego Superior Court, Judge John Sargent Meyer, Sheriff William D. Gore, Kamala Harris, and Roes 1-10," as Respondents. If Petitioner is "in custody," Petitioner must name the warden in charge of the state correctional facility in which Petitioner is presently confined or the Director of the California Department of Corrections. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

## CONCLUSION

Based on the foregoing, the Court **DISMISSES** this action without prejudice and with leave to amend because Petitioner has failed to satisfy the custody requirement and failed to name a proper respondent. *See* 28 U.S.C. §§ 2241(c)(3), 2254(a). In order to proceed with this case, Petitioner must, **no later than April 13, 2012**, file a First Amended Petition that cures the pleading deficiencies outlined in this Order. ***The Clerk of Court is directed to mail Petitioner a blank First Amended Petition form together with a copy of this Order.***

DATED: February 8, 2012

**WILLIAM Q. HAYES**
United States District Judge