# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL HUPP,<br><br>   Petitioner,<br><br>v.<br><br>SAN DIEGO SUPERIOR COURT, JOHN SARGENT MEYER, et al.,<br><br>   Respondents. | Civil No.   12-0274 WQH (JMA)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** |

On February 2, 2012, Petitioner, proceeding pro se, paid the $5.00 filing fee and submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) The Court dismissed the case without prejudice and with leave to amend on February 8, 2012, because Petitioner had failed to satisfy the "in custody" requirement of 28 U.S.C. § 2254 and because Petitioner had failed to name the proper respondent. (ECF No. 2.) Petitioner was given until April 13, 2012, to file a First Amended Petition that cured the pleading deficiencies outlined in the Court's Order. (*Id.*) On February 17, 2012, Petitioner filed a First Amended Petition. (ECF No. 4.)

## **IN CUSTODY REQUIREMENT**

Petitioner has again failed to establish that he is currently in custody because he lists his current address as "965 Hidden Oaks, Beaumont, CA 92223." (ECF No. 4 at 1.)

/ / /

1  Furthermore, Petitioner lists his sentence start date as January 3, 2012. and his release date as
2  January 28, 2012.  (*Id.* at 2.)

3　　　　As the Court noted in its previous dismissal Order, "[s]ubject matter jurisdiction under
4  the federal habeas corpus statute, 28 U.S.C. § 2254(a), is limited to those persons 'in custody
5  pursuant to the judgment of a State.'"  *Brock v. Weston*, 31 F.3d 887, 889 (9th Cir. 1994); *see*
6  *also* 28 U.S.C. § 2241(c)(3).  It is a jurisdictional requirement that, at the time a habeas petition
7  is filed, "the habeas petitioner be 'in custody' under the conviction or sentence under attack."
8  *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (citing 28 U.S.C. §§ 2241(c)(3) & 2254(a)); *see*
9  *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)).

10　　　　Here, Petitioner may not challenge the constitutional validity of his November, 2011,
11  conviction via a § 2254 petition because he is no longer in actual custody pursuant to that
12  conviction and does not allege he was in constructive custody (e.g., parole or probation) at the
13  time he filed the Petition in this case on February 2, 2012.  *See Brock*, 31 F.3d at 889.  "[O]nce
14  the sentence imposed for a conviction has completely expired, the collateral consequences of that
15  conviction are not themselves sufficient to render an individual 'in custody' for the purposes of
16  a habeas attack upon it."  *Maleng*, 290 U.S. at 490; *see Feldman v. Perrill*, 902 F.2d 1445, 1448
17  (9th Cir. 1990) (stating that an expired conviction cannot satisfy the "in custody" requirement).

18　　　　Petitioner states that he has a related case pending in this Court, case no. 11cv2909 IEG
19  (RBB), and that he was in custody when he filed that case.  (ECF No. 14.)  Petitioner did file a
20  habeas corpus petition in case no. 11cv2909 IEG (RBB) on December 14, 2011, together with
21  a motion to proceed in forma pauperis.  (ECF Nos.  1-2 in case no. 11cv2909 IEG (RBB).)  The
22  motion to proceed in forma pauperis was denied because petitioner had not provided the Court
23  with the proper information required for the Court to determine Petitioner's financial status.
24  (ECF No. 7 in case no. 11cv2909 IEG (RBB).)  The Court also dismissed the case without
25  prejudice because Petitioner was not in custody at the time he filed the petition; rather, he was
26  scheduled to begin serving his sentence on January 3, 2012.  (*Id.* at 2.)  In addition, Petitioner
27  had not alleged that he had exhausted his state judicial remedies.  (*Id.* at 2-3.)  No leave to amend
28  was granted in that case.  Nevertheless, the Court accepted for filing a First Amended Petition

from Petitioner in case no. 11cv2909 IEG (RBB) on January 3, 2012. (ECF No. 11 in case no. 11cv2909 IEG (RBB).) At that point, Petitioner was in custody. He had not, however, exhausted his state court remedies. Accordingly, the Court dismissed the First Amended Petition in case no. 11cv2909 IEG (RBB) for failing to allege exhaustion. Again, no leave to amend was granted. (ECF No 13 at 2-3.)

This case is not related to case no. 11cv2909 IEG (RBB). Petitioner was specifically told in 11cv2909 IEG (RBB) that the Court was dismissing the case "without prejudice to *refiling a new case once all state court post-conviction challenges have been completed*." (ECF No. 13 at 3 in case no. 11cv2909 IEG (RBB) (emphasis added).) Further, Petitioner must have been in custody *and* have exhausted his state judicial remedies at the time he filed his federal habeas corpus petition pursuant to 28 U.S.C. § 2254 in order to survive summary dismissal. Petitioner was not in custody when he filed his petition in case no. 11cv2909 IEG (RBB). He was in custody when he filed his First Amended Petition in that case but he had not demonstrated exhaustion. When he filed the original petition in this case, he was not in custody, but had demonstrated exhaustion. The same is true of his First Amended Petition in this case. Accordingly, because Petitioner is not currently in custody, nor was he in custody when the first petition in this case was filed, he has not satisfied the "in custody" requirement under 28 U.S.C. § 2254. *See Maleng*, 490 U.S. at 490-91; *Carafas*, 391 U.S. at 238.[1]

## CONCLUSION

Based on the foregoing, the Court **DISMISSES** this action without prejudice. *See* 28 U.S.C. §§ 2241(c)(3), 2254(a).

**IT IS SO ORDERED.**

DATED: February 27, 2012

**WILLIAM Q. HAYES**
United States District Judge

---

[1] Petitioner is reminded that if he is in custody in the future and wishes to file a habeas corpus petition pursuant to 28 U.S.C. § 2254, he must name the officer having custody of him. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254).